# THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### WINCHESTER DIVISION

THE UNITED STATES OF AMERICA for the use
and benefit of VIKING INDUSTRIAL, INC.,

      **Plaintiff,**

v.                                            **CASE NO.:**

BACIK GROUP SYSTEMS, LLC, a foreign
corporation, and MERCHANTS NATIONAL
BONDING, INC., a foreign corporation,

      **Defendants.**

_____

## VIKING INDUSTRIAL, INC.'S COMPLAINT FOR BREACH OF CONTRACT AND RECOVERY UNDER MILLER ACT PAYMENT BOND

Plaintiff, The United States of America, for the use and benefit of Viking Industrial, Inc., sues Defendants, Bacik Group Systems, LLC, and Merchants National Bonding, Inc., and states as follows:

## PARTIES

1.      Plaintiff, Viking Industrial, Inc. ("Viking"), is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Walker County, Georgia.

2.      Defendant, Bacik Group Systems, LLC ("Bacik"), is a corporation organized and existing under the laws of the State of Alabama.

3.      Defendant, Merchants National Bonding, Inc. ("Merchants"), is a corporation organized and existing under the laws of the State of Iowa.

## JURISDICTION AND VENUE

4.     Bacik is subject to the jurisdiction of this Court because it breached a contract in Tennessee and conducted substantial and non-isolated business activities in Tennessee.

5.     Merchants is subject to the jurisdiction of this Court because it breached a payment bond in Tennessee and regularly conducts substantial and non-isolated business activities in Tennessee through the issuance of insurance and bonds within the State, including for the project that is at-issue in this case, which is within this District and Division.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B).  Additionally, there is complete diversity of citizenship, and the claims exceed $75,000.00, providing jurisdiction under 28 U.S.C. §1332.

7.     The contract at issue was performed in Tennessee at Arnold Air Force Base. Venue, therefore, lies in the United States District Court for the Eastern District of Tennessee pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

8.     The United States Government and Bacik entered into a contract, Contract No. FA910116D0003/FA910117F0034 (the "Prime Contract"), for a project known as "Install Backflow Preventers, Phase V" located at Arnold Engineering Development Complex at Arnold Air Force Base (the "Project"), Project Number 407218.

9.     On June 9, 2017, Bacik obtained a Miller Act payment bond (the "Bond") from Merchants with a penal sum in the amount of $297,919.75, as required by applicable law.  A copy of the Bond is attached hereto as **Exhibit 1**.

10.     On or around July 10, 2017, Bacik entered into a subcontract with Viking (the "Subcontract") for Viking to perform certain labor, services, and provide materials (the "Work")

as reflected in the Subcontract attached hereto as **Exhibit 2** and incorporated by reference into this Complaint.

11.     Pursuant to the Subcontract, Viking was to "furnish all labor, materials (including scaffolding and hoisting facilities unless specifically excluded herein) and fully perform and in every respect complete the work described herein including in the attachments for the Install Backflow Preventers, Phase V located at Arnold Engineering Development Complex, Arnold Air Force Base."

12.     Bacik initially agreed to pay Viking $90,100.00 pursuant to the Subcontract.

13.     Viking also submitted Change Orders Nos. 1 through 4 for work authorized, ordered, and necessitated by Bacik.  Change Orders 1 through 4 are attached hereto as **Collective Exhibit 3** and incorporated by reference into this Complaint.

14.     In addition to the work required pursuant to the Change Orders, Bacik requested further work related to concrete pouring and finishing, which necessitated Viking to engage the services of a subcontractor, MOWA Development, LLC ("MOWA").

15.     The total amount owed under the Subcontract, including work performed by MOWA, plus the Change Orders is $190,482.14.[1]

16.     According to the Bond, Merchants agreed to be bound "jointly and severally" with Bacik to make payment to all persons having a direct contractual relationship with Bacik or to any subcontractor of Bacik who furnished labor, material or both in the prosecution of the work provided for in the Prime Contract and Subcontract, in the event that Bacik failed to make prompt payment to such persons.

---

[1] *See* Schedule of Values (dated 9/21/2018) attached as **Exhibit 4**.

17.     On or around August 2, 2018, Viking completed 100% of the Project's scope of work. The Government has accepted all of Viking's work, and that work was furnished in the prosecution of the work provided for in the Prime Contract, Subcontract, and Change Orders. Viking had a good faith belief that the materials and labor supplied were intended for the Project.

18.     Viking timely and properly billed for, but has not been fully paid for, the labor, services, and materials provided to and used in the prosecution of the Project.

19.     Viking is still owed the total sum of $190,482.14 for its work on the Project, which was performed pursuant to the Subcontract and Change Orders and properly furnished for the Project.

20.     Viking has complied with all conditions precedent to the commencement of this action, or such conditions have been otherwise performed, have occurred, been fulfilled, or been waived.

## COUNT I - BREACH OF CONTRACT AS TO BACIK

21.     Viking re-alleges and incorporates paragraphs 1 through 20 above as though fully set forth herein.

22.     Viking and Bacik directly entered into a contract whereby Viking would provide the Work as set forth in its original proposal and Subcontract.

23.     Viking substantially and fully performed the Work in reliance on and under the terms of the Subcontract, and at the express direction, command, and authorization of Bacik's authorized agents.

24.     Viking satisfactorily performed all of its obligations pursuant to the terms of the Subcontract at the direction of Bacik.

25.     Although demands have been made upon Bacik for payment of the sums due, Bacik has failed and refused to make such payment.  There remains a balance due and owing of $190,482.14 for Viking's work on the Project.

26.     Bacik has breached the terms of the Subcontract and Change Orders 1 through 4.

27.     Viking has suffered and continues to suffer financial harm as a result of Bacik's breach of contract.

28.     As a direct and proximate result of Bacik's material breach of the Subcontract, Viking has been damaged.

29.     Viking is entitled to recover interest on the principal amount of $190,482.14 for its work on the Project at the rate of ten percent (10%) per annum in accordance with Tennessee law.[2]

30.     WHEREFORE, Viking respectfully requests (i) damages; (ii) court costs; (iii) pre- and post-judgment interest; (iv) attorney's fees; and (v) any such other and further relief as the Court may deem just and proper.

## COUNT II - MILLER ACT PAYMENT BOND AS TO BACIK AND MERCHANTS

31.     Viking re-alleges and incorporates paragraphs 1 through 30 above as though fully set forth herein.

32.     Merchants, as Surety for Bacik created and issued the Bond, which is to comply with the Miller Act (being a "Miller Act Bond") and is designed for the protection of claimants such as Viking for furnishing labor, services, materials and/or equipment, such as the Work and Additional Work, for the Project.

33.     Viking has a direct contractual relationship with Bacik.

34.     Viking is a claimant under the Bond.

---

[2] *See* TENN. CODE ANN. § 47-14-123.

35.     Viking has taken all steps necessary to obtain protection under the Miller Act Bond.

36.     More than ninety (90) days have expired from the date that Viking last performed work on the Project for which such claims are made.

37.     Less than one (1) year has passed since the last day that Viking performed work on the Project.

38.     According to the Bond, Merchants agreed to be bound "jointly and severally" with Bacik to make payment to all persons having a direct contractual relationship with Bacik or to any subcontractor of Bacik who furnished labor, material or both in the prosecution of the Work provided for in the Prime Contract and Subcontract in the event that Bacik failed to make prompt payment to such persons.

39.     Viking is entitled to payment from Merchants pursuant to the Miller Act, 40 U.S.C. § 3133.

40.     Viking is entitled to interest for a fixed sum owed under an agreement payable upon demand at the rate of ten percent (10%) per annum in accordance with Tennessee law.[3]  Because, however, the Miller Act does not provide any explicit standards for awarding pre-judgment interest, it is treated as incorporating state law on this issue.[4]  Although Viking has made demands for payment, there is still due and owing the principal amount of $190,482.14 for the work Viking performed on the Project.

---

[3] *See* TENN. CODE ANN. § 47-14-123.
[4] *United States use of Astro Cleaning & Packaging Corp. v. Jamison Co.*, 425 F.2d 1281, 1284 (6th Cir. 1970); *United States use of Seminole Sheet Metal Co. v. SCI, Inc.*, 828 F.2d 671, 678 (11th Cir. 1987) ("[T]he Miller Act does not provide any explicit standards for awarding prejudgment interest, it is treated as incorporating state law on this issue.").

41.     WHEREFORE, Viking respectfully requests (i) damages; (ii) court costs; (iii) pre- and post-judgment interest; (iv) attorney's fees; and (v), any such other and further relief as the Court may deem just and proper.

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: /s/Timothy M. Gibbons
     Timothy M. Gibbons TN BPR No. 014860
     Justin L. Furrow, TN BPR No. 027667
     William M. Wayne, TN BPR No.  035681
Liberty Tower, Suite 1700
605 Chestnut Street
Chattanooga, TN  37450
Telephone:  423.757.0221
Facsimile:  423.508.1221
Email: tgibbons@chamblisslaw.com
      jfurrow@chamblisslaw.com
      mwayne@chamblisslaw.com

Attorneys for Viking Industrial, Inc.

| PAYMENT BOND | DATE BOND EXECUTED *(Must be same or later than date of contract)* | OMB Number: **9000-0045** |
|---|---|---|
| *(See instructions on reverse)* | **June 26, 2017** | Expiration Date: **6/30/2016** |
| Bond No. NTN1283 | | |

PAPERWORK REDUCTION ACT STATEMENT: Public reporting burden for this collection of information is estimated to average 60 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection of information, including suggestions for reducing this burden, to U.S. General Services Administration, Regulatory Secretariat (MVCB)/IC 9000-0045, Office of Governmentwide Acquisition Policy,1800 F Street, NW, Washington, DC 20405.

| PRINCIPAL *(Legal name and business address)* | TYPE OF ORGANIZATION *("X" one)* | |
|---|---|---|
| **Bacik Group, LLC**<br>**606 Oak Mountain Commons Lane**<br>**Pelham, AL 35124** | ☐ INDIVIDUAL | ☐ PARTNERSHIP |
| | ☐ JOINT VENTURE | ☒ ~~CORPORATION~~ LLC |
| | STATE OF INCORPORATION | AL |

| SURETY(IES) *(Name(s) and business address(es))* | PENAL SUM OF BOND *(Whole numbers only)* | | | |
|---|---|---|---|---|
| **Merchants National Bonding, Inc.**<br>**P. O. Box 14498**<br>**Des Moines, IA 50306-3498** | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | **000** | **297** | **919** | **75** |
| | CONTRACT DATE | CONTRACT NO. **FA9101-16-D-0003/FA9101-17-F-0034** | | |
| | **June 9, 2017** | | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| Bacik Group, LLC | | PRINCIPAL | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *(Seal)* | 2. *(Seal)* | 3. *(Seal)* | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. MATTHEW D. BACIK CEO | 2. | 3. | |

| | INDIVIDUAL SURETY(IES) | | |
|---|---|---|---|
| SIGNATURE(S) | 1. *(Seal)* | 2. *(Seal)* | |
| NAME(S) *(Typed)* | 1. | 2. | |

| | | CORPORATE SURETY(IES) | | | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | **Merchants National Bonding, Inc.**<br>**P. O. Box 14498,Des Moines, IA 50306-3498** | STATE OF INC.<br>**Iowa** | LIABILITY LIMIT<br>**$1,229,000.00** | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. **Lavonne Sherrod**<br>**Attorney-in-Fact** | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

**STANDARD FORM 25A** (REV. 8/2014)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

## CORPORATE SURETY(IES) *(Continued)*

| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | |

| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | |

| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | |

| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | |

| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | |

| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 U.S.C. Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."

In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**STANDARD FORM 25A** (REV. 8/2014) **BACK**



# MERCHANTS
## BONDING COMPANY™
## POWER OF ATTORNEY

Know All Persons By These Presents, that MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., both being corporations of the State of Iowa (herein collectively called the "Companies") do hereby make, constitute and appoint, individually,

### Charles C Martin; Donald B Wake; James F Oakes; Karen Baker; Lavonne Sherrod

their true and lawful Attorney(s)-in-Fact, to make, execute, seal and deliver on behalf of the Companies, as Surety, bonds, undertakings and other written obligations in the nature thereof, subject to the limitation that any such instrument shall not exceed the amount of:

### FIFTEEN MILLION ($15,000,000.00) DOLLARS

This Power-of-Attorney is granted and is signed and sealed by facsimile under and by authority of the following By-Laws adopted by the Board of Directors of Merchants Bonding Company (Mutual) on April 23, 2011 and adopted by the Board of Directors of Merchants National Bonding, Inc., on October 24, 2011.

"The President, Secretary, Treasurer, or any Assistant Treasurer or any Assistant Secretary or any Vice President shall have power and authority to appoint Attorneys-in-Fact, and to authorize them to execute on behalf of the Company, and attach the seal of the Company thereto, bonds and undertakings, recognizances, contracts of indemnity and other writings obligatory in the nature thereof."

"The signature of any authorized officer and the seal of the Company may be affixed by facsimile or electronic transmission to any Power of Attorney or Certification thereof authorizing the execution and delivery of any bond, undertaking, recognizance, or other suretyship obligations of the Company, and such signature and seal when so used shall have the same force and effect as though manually fixed."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner-Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

In Witness Whereof, the Companies have caused this instrument to be signed and sealed this 20th day of November , 2015 .

MERCHANTS BONDING COMPANY (MUTUAL)
MERCHANTS NATIONAL BONDING, INC.

By *Larry Taylor*

*President*

STATE OF IOWA
COUNTY OF Dallas ss.
On this 20th day of November , 2015 , before me appeared Larry Taylor, to me personally known, who being by me sworn did say that he is President of the MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC.; and that the seals affixed to the foregoing instrument are the Corporate seals of the Companies; and that the said instrument was signed and sealed in behalf of the Companies by authority of their respective Boards of Directors.

WENDY WOODY
Commission Number 784654
My Commission Expires
June 20, 2017

*Notary Public, Polk County, Iowa*

(Expiration of notary's commission
does not invalidate this instrument)

I, William Warner, Jr., Secretary of the MERCHANTS BONDING COMPANY (MUTUAL) and MERCHANTS NATIONAL BONDING, INC., do hereby certify that the above and foregoing is a true and correct copy of the POWER-OF-ATTORNEY executed by said Companies, which is still in full force and effect and has not been amended or revoked.

In Witness Whereof, I have hereunto set my hand and affixed the seal of the Companies on this 26th day of June 2017 .

*William Warner Jr.*

*Secretary*

POA 0014 (6/15)

# SUBCONTRACT AGREEMENT

This agreement made this 10ᵗʰ day of July, 2017 by and between Bacik Group, LLC hereinafter called the Contractor, and Viking Industrial, Inc. Of Chattanooga, TN hereinafter called the Subcontractor.

## WITNESSETH:

For consideration hereinafter set forth, the Subcontractor and Contractor agree and bind themselves as follows:

**Section 1:** The Subcontractor agrees to furnish all labor, materials (including scaffolding and hoisting facilities unless specifically excluded herein) and fully perform and in every respect complete the work described herein including in the attachments for the **Install Backflow Preventers, Phase V** located at **Arnold Engineering Development Complex, Arnold Air Force Base,** for (owner) AEDC according to plans and specifications prepared by AEDC hereinafter called the Architect or Engineer. This Subcontract is issued subject to the terms and conditions of Contractor's formal "Purchase Order," a copy of which is attached hereto and made a part of this Subcontract. The Subcontractor shall execute and acknowledge both this Subcontract and said Purchase Order it being the intention of the parties that the terms of both this Subcontract and said Purchase Order shall govern the relationship between the Contractor and the Subcontractor.

**Section 2:** The Contractor agrees that he will pay to the Subcontractor, in accordance with the provisions of Section 4 hereof (and subject to any increase or decrease resulting from changes that may be agreed to) and subject to additions and deductions as provided for in the Purchase Order, the sum of **($90,100.00) Seventy-two thousand four hundred and 00/100** dollars. This price is firm and not subject to escalation.

**Section 3:** The Subcontractor agrees to begin work as soon as he is notified by the Contractor that the ground is clear or the structure (or structures) is far enough advanced to allow the beginning of that portion of the work included herein, and will carry forward and complete this work as rapidly as the Contractor may judge that the progress of the structure (or structures) will permit. Contractor shall not be liable for any damages that may occur from delays or other causes on the part of other contractors, subcontractors or suppliers involved in work, or the furnishing of materials, pertaining to this project.

**Section 4:** The Contractor agrees to pay the Subcontractor for periodic estimates submitted, upon receipt of payment from the Owner for the Contractor's periodic estimate in which the Subcontractor's periodic estimate is incorporated. Should the Subcontractor's portion of the Contractor's estimate be reduced for any reason, payment to the Subcontractor will be reduced accordingly. Final payment to the Contractor by the Owner shall be a condition precedent to final payment to the Subcontractor.

**Section 5:** Subcontractor agrees to furnish, if and when requested by the Contractor, affidavits that all bills for materials and labor have been paid, such affidavit(s) to be supported by receipted bills, if required by the Contractor. Prior to final payment to the Subcontractor, a release of liens and all claims is to be furnished to the Contractor together with any affidavits which may be required. The Contractor reserves the right to pay any outstanding past due obligations of the Subcontractor arising on this job and to deduct the amount of said payments from any amounts due the Subcontractor hereunder.

**Section 6:** If the Subcontractor should make a general assignment for the benefit of his creditors, or if a receiver should be appointed on account of his insolvency, or if the Subcontractor should fail to carry forward and complete his work as provided in this Subcontract as rapidly as the Contractor may judge that the progress of the structure or structures will permit, or if he should become insolvent or should fail to make prompt payment for material or labor used on the job, or should he fail to comply with instructions of the architect or with applicable provisions of law, or if he should otherwise be guilty of a breach of the Subcontract, then the Contractor may, without prejudice to any other right or remedy, terminate the employment of the Subcontractor after giving him 7 days written notice of his intention to do so and may thereupon take control of the work covered by this Subcontract and may take possession of all materials and instruments thereon and complete the work by releasing the Subcontractor or otherwise as the Contractor may think best, in which case the Subcontractor shall not be entitled to receive any further payments until the work is completed. If the unpaid balance under this Subcontract shall exceed the expense of finishing the work, including compensation for additional managerial and administrative services and all other expenses made necessary by the termination of the contract, the excess shall be paid to the Subcontractor. If such expense is greater than such unpaid balance, the Subcontractor shall pay the difference to the Contractor. This Subcontract shall also be subject to termination under the conditions provided for in the Prime Contract.

**Section 7:** Subcontractor assumes exclusive liability for all contributions, taxes, or payments required to be made because of employees of the Subcontractor by the Federal and State Unemployment Compensation Acts, Social Security Acts or any amendments thereto, and by all other or future Acts, State or Federal, requiring the payment of similar contributions or taxes, and for all sales tax and use tax.

**Section 8:** Prior to starting its work the Subcontractor shall submit to the Contractor a Certificate of Insurance, acceptable to the Contractor, evidencing the fact that the Subcontractor has obtained insurance from a licensed insurance company in the types and amounts as set forth herein.

Every policy of insurance required under this Subcontract shall provide that written notice be given to the Contractor thirty days prior to the cancellation of said insurance policy. The Subcontractor's Certificate of Insurance shall reflect the fact that the Subcontractor's insurance policies contain such a cancellation notice to the Contractor. The Subcontractor shall indemnify, and hold harmless the Contractor, and the Owner and all their agents and employees from any and all claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of the Subcontractor's work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property, including the loss of use resulting therefrom, to the extent caused in whole or in part by any negligent act or omission of the Subcontractor or any one directly or indirectly employed by him or for anyone whose acts he may be liable regardless of whether it is caused in part by a party indemnified under this Subcontract.

It is the intention of this Subcontract that the Subcontractor shall be responsible for any damage to the work of any contractor or subcontractor on the Project caused by the Subcontractor. If the Subcontractor, upon receipt of notice from the

Contractor, fails or refuses to repair or replace any work damaged by the Subcontractor, the Contractor is authorized to make such repair or replacement from any amounts due or to become due to the Subcontractor under this subcontract

TYPES AND AMOUNTS OF INSURANCE:

Worker's Compensation

| | | |
|---|---|---|
| Employer's Liability | $1,000,000.00 | Statutory Limits |
| | Per Occurrence | |

Commercial General Liability including Broad Form Property Damage and Contractual Liability (and X.C.U. when necessary)

| | | |
|---|---|---|
| Bodily Injury and Property Damage, Combined Single Limit | $1,000,000.00 | $2,000,000.00 |
| | Per Occurrence | Aggregate |

Comprehensive Auto Liability

| | | |
|---|---|---|
| Bodily Injury and Property Damage, Combined Single Limit | $1,000,000.00 | $1,000,000.00 |
| | Per Person | Per Occurrence |

**Section 9:** In case of conflict between the Contract between the Owner and the Contractor and the provisions of this Subcontract and Purchase Order, the provisions of this Subcontract and Purchase Order shall prevail in any matter between the Contractor and Subcontractor.

**Section 10:** The Subcontractor shall not employ any workman whose employment on the building or project is objected to by the Contractor.

**Section 11:** Claims for extras will only be allowed as provided for in the Purchase Order.

**Section 12:** It is fully understood that the Subcontractor will be responsible for keeping his part of the job clean and in an orderly fashion subject to the approval of the Contractor and Architect. Should it become necessary for the Contractor to perform cleanup work for the Subcontractor, such expense will be deducted from Subcontractor's contract price. This Subcontractor is responsible for daily cleanup and disposal of their debris off the jobsite.

**Section 13:** In the event that any provision of the foregoing contract shall be held to violate the laws of any state, the parties agree that the offending provision shall be severable from the remaining provisions of the contract, and the remainder of the contract shall be given effect as the agreement of the parties.

**Section 14:** Any assignment of proceeds under this Subcontract will be subject to the following trust: All monies received by the Subcontractor as payment under this Subcontract will be held in trust for the purpose of paying the cost incurred in the performance of this subcontract. All payments received will be applied first to payment of sub sub-Contracts, suppliers, laborers and materialmen before using any part thereof for any other purpose.

**Section 15:** Subcontractor shall procure its material from such sources and employ such labor subject to such terms and conditions as will result in harmonious labor relations on the site and prevent strikes or other labor disputes by other trades. In the event of a strike or other labor dispute affecting the labor employed by this Subcontractor, upon three (3) days written notice from the contractor, Subcontractor shall resolve the same at its own cost and expense. In the event Subcontractor fails to do so, then the Contractor may, at its option, terminate this agreement, or any part thereof, and shall compensate the Subcontractor in accordance with Section 6 of the Subcontract.

**Section 16:** Contractor shall have the same access to Subcontractor's accounting records as does the Owner under any provision of the General Contract.

The rights of the Contractor shall survive final payment to the Subcontractor for the work.

(*NOTE*: Alabama Contracts Only - the Subcontractor further agrees, insofar as any provisions of the contract are concerned, to waive any immunity that it may have because of the provisions of Title 26, S271, or S272 of the Code of Alabama, 1940, as amended.)

The following Exhibits are part of the Subcontract: A, B, C, D, & E

IN WITNESS WHEREOF the parties hereto have executed this agreement the day and year first above written.

| | |
|---|---|
| **Viking Industrial, Inc.** | **BACIK GROUP, LLC** |
| Subcontractor | |
| BY: Greg Hicks | BY: |
| TITLE: Project Manager / Estimator | TITLE: |
| DATE: 10 July 2017 | DATE: |

EXHIBIT "A"

## SUBCONTRACTOR PURCHASING CLAUSES

1. Subcontractor will obtain approval of its job management personnel prior to their assignment to the project.

2. The subcontractor agrees to man the job with up to <u>6</u> men at the direction of the Superintendent, provided there is work for these men to perform.

3. This project will use the services of a professional scheduling consultant. The subcontractor accepts this concept and agrees to attend and participate in the planning and scheduling activities. These activities are, as a minimum, one day of data gathering for the overall project schedule at the beginning of each project and half a day every other week for near term update and commitment. This activity requires preparation as well as attendance.

4. Schedule: The project construction will be expedited and pushed for completion not later than  <u>2/8/2018</u>. **Final Cleaning** work is scheduled to begin no later than <u>1/29/2018,</u> and all work completed by <u>2/8/2018.</u> The actual near-term schedule shall be determined with the participation of all subcontractors.

5. This subcontractor agrees to receive all of his material and store in designated storage areas. Storage in the building will be limited to three (3) days supply of materials. Protection of stored materials is the responsibility of this Subcontractor.

6. Subcontractor will submit to the Contractor, by 8:30 AM each work day, a completed Daily Diary Report as required by the Contractor for incorporation into the Contractors Daily Report.

7. Subcontractor will furnish a Schedule of Values broken down into major work segments including a list of all material vendors (P.O. value exceeding $1,500.00), all subcontracts, labor value and general conditions/overhead and profit. The Schedule of values shall be updated monthly with the Subcontractor's Pay Request.

8. All required Shop Drawings, Samples, Laboratory Reports, Brochures, Color Selections, and other required Submittal Data shall be submitted to the contractor for approval in  <u>o</u> copies and  <u>o</u> sepia, not later than <u>7/24/2017.</u>

9. All Subcontractor's invoices must be in Bacik Group's main office no later than the <u>25th</u> of the month to be included in the current month's billing. Invoices received after the <u>25th</u> of the month will be processed for payment on the following month's billing without exception.

Bacik Group, LLC
606 Oak Mountain Commons Lane
Pelham, AL 35124
Phone: (205) 358-9851
Fax: (205) 267-4406

10. Total percentage of overhead and profit on Change Orders cannot exceed <u>10</u> % when the work is self-performed and <u>5</u> % when work is performed by subcontractors.

11. Safety on this project is of primary concern. The Subcontractor agrees to fully comply with the Bacik Group Job Safety Plan as a part of this contract. Subcontractor shall further comply with local, state, federal safety requirements as necessary in meeting its legal requirements. Failure to comply with Bacik Group Job Safety Plan shall be considered a breach of contract. As a part of this Job Site Safety Plan the Subcontractor agrees that all of his onsite employees and subcontractors will attend a Job Site Safety meeting each Monday morning.

12. Certificate of Insurance shall add Bacik Group, LLC as additional insured and require 30 day notice before cancellation the policy.

13. Conditioned on and prior to final payment, the vendor shall furnish to the Contractor <u>3</u> notarized copy (s) of the General Release and Lien Waiver Affidavits (Exhibit C of this Purchase Order) for the scope of work covered under this Purchase Order.

| Viking Industrial, Inc.. | BACIK GROUP, LLC |
|---|---|
| Subcontractor | Contractor |
| BY: Greg Hicks | BY |
| TITLE: Project Manager / Estimator | TITLE: |
| DATE: 10 July 2017 | DATE: |

# CHANGE ORDER AUTHORIZATION
## FIELD WORK ORDER

**Viking Industrial, Inc.**
P. O. Box 91289
Chattanooga, TN 37412
(706) 866-4016 • Fax (706) 866-9233

CHANGE ORDER NO. **407218 · 1**

JOB NO. **407218**

DATE **5/25/18**

☑ **CHANGE SCOPE OF WORK**          ☐ **ADDITION TO SCOPE OF WORK**

Customer Name **Tom MAYBERRY / BACIK GROUP**

Address **AEDC**

City **TullAhomA**                    State **TN.**    Zip

Job Name & Location

☑ **T & M Job**

**To be billed at Viking Industrial, Inc.'s usual time and material rates.**

☐ **Contract Job**

☐ **I need a quoted price prior to beginning work.**

☐ **Proceed with changes or additions noted below and bill this change order based on T & M rates.**

## Description of Work

THE WATER MAIN WAS 4" the drawings CALLED it
3" HAD to buy 4" 90'S and Reducing Bushing
to get to 3".

I hereby authorize and approve the above changes

_Customer Authorized Agent_          **5/25/18**
                                      Date

_Viking Industrial, Inc. Representative_          **5/25/18**
                                                  Date

**WHITE** - Job File  •  **YELLOW** - Project Manager  •  **PINK** - Customer

# CHANGE ORDER AUTHORIZATION
## FIELD WORK ORDER

**Viking Industrial, Inc.**
P. O. Box 91289
Chattanooga, TN 37412
(706) 866-4016 • Fax (706) 866-9233

CHANGE ORDER NO. 407218 - 2

JOB NO. 407218

DATE 6/23/18

☐ CHANGE SCOPE OF WORK   ☐ ADDITION TO SCOPE OF WORK

Customer Name  Andrew Schneider / Bacik Group

Address

City  MANCHESTER                State  TN.  Zip

Job Name & Location  AEDC

☑ **T & M Job**

To be billed at Viking Industrial, Inc.'s usual time and material rates.

☐ **Contract Job**

☐ I need a quoted price prior to beginning work.

☐ Proceed with changes or additions noted below and bill this change order based on T & M rates.

## Description of Work

THIS IS for THE OVERTIME Worked on SATurday June 23, 2018

I hereby authorize and approve the above changes.

_____   6/23/18
Customer Authorized Agent          Date

_____   6/23/18
Viking Industrial Inc Representative   Date

WHITE - Job File • YELLOW - Project Manager • PINK - Customer

# CHANGE ORDER AUTHORIZATION
# FIELD WORK ORDER

**Viking Industrial, Inc.**
P. O. Box 91289
Chattanooga, TN 37412
(706) 866-4016 • Fax (706) 866-9233

CHANGE ORDER NO. _407218 - 3_

JOB NO. _407218_

DATE _7/11/18_

| ☐ CHANGE SCOPE OF WORK | ☑ ADDITION TO SCOPE OF WORK |

Customer Name _Joe Wheeler / Bacik_

Address _____

City _____  State _T.N._  Zip _____

Job Name & Location _AEDC_

| ☐ T & M Job | ☐ Contract Job |

**T & M Job**
To be billed at Viking Industrial, Inc.'s usual time and material rates.

**Contract Job**
☐ I need a quoted price prior to beginning work.

☐ Proceed with changes or additions noted below and bill this change order based on T & M rates.

## Description of Work

For pouring extra concrete at Building 1025
For washout Agreed price of $300.00

I hereby authorize and approve the above changes.

_Joe Whe_____
Customer Authorized Agent

_7-11-18_
Date

_____
Viking Industrial, Inc. Representative

_7/11/18_
Date

**WHITE** - Job File  •  **YELLOW** - Project Manager  •  **PINK** - Customer

# CHANGE ORDER AUTHORIZATION
# FIELD WORK ORDER

**Viking Industrial, Inc.**
P. O. Box 91289
Chattanooga, TN 37412
(706) 866-4016 • Fax (706) 866-9233

CHANGE ORDER NO. **407218 - 4**

JOB NO. **407218**

DATE **7/28/18**

☐ CHANGE SCOPE OF WORK      ☑ ADDITION TO SCOPE OF WORK

Customer Name **JOE WHEELER / BACIK**

Address

City _____ State _____ Zip _____

Job Name & Location **AEOC**

| ☐ T & M Job | ☐ Contract Job |
|---|---|
| **To be billed at Viking Industrial, Inc.'s usual time and material rates.** | ☐ I need a quoted price prior to beginning work. |
| | ☐ Proceed with changes or additions noted below and bill this change order based on T & M rates. |

## Description of Work

This is For the premium time work To
Install BackFlow AT Building 869 & 1525

I hereby authorize and approve the above changes.

_____
Customer Authorized Agent

Date **7-28-18**

_____
Viking Industrial, Inc. Representative

Date **7/28/18**

WHITE - Job File  •  YELLOW - Project Manager  •  PINK - Customer

# Schedule of Values

For SOV with Sales Tax Included in Total

| Project Name/Number: | BACIK GROUP | | | | | | Contractor: | Viking Industrial Inc. | | |
|---|---|---|---|---|---|---|---|---|---|---|
| PO Number: | | | | | | | Application / Invoice number: | 1 | | |
| Bid Package: | $90,100.00 | | | | | | Date: | 9/21/2018 | | |

| A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PO Line No. | DESCRIPTION OF WORK | MARK NO. | PO LINE ITEM VALUE | % COMPLETE & STORED IN PLACE | PRIOR AMOUNT INVOICED (Including Retainage) | MATERIALS PRESENTLY STORED (not in E,F) | ACCOUNTS PAYABLE D+G-F | TOTAL RETAINAGE WITHHELD THIS APPLICATION 0.05*H | CONTRACT BALANCE REMAINING (D-F-H) | TOTAL TO DATE (F+H) | TOTAL RETAINAGE HELD TO DATE (5% of K) |
| 1 | EQUIPMENT | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2 | INSULATION | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 3 | RENTAL EQUIPMENT | | 13,515.00 | 100% | | | 13,515.00 | 675.75 | 0.00 | 13,515.00 | 675.75 |
| 4 | LABOR | | 45,050.00 | 100% | | | 45,050.00 | 2,252.50 | 0.00 | 45,050.00 | 2,252.50 |
| 6 | MATERIAL | | 31,535.00 | 100% | | | 31,535.00 | 1,576.75 | 0.00 | 31,535.00 | 1,576.75 |
| 7 | MOBILIZATION | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8 | GENERAL CONDITIONS | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 9 | CHANGE ORDER #1 | | 3,332.36 | 100% | | | 3,332.36 | 166.62 | 0.00 | 3,332.36 | 166.62 |
| 10 | CHANGE ORDER #2 | | 4,323.22 | 100% | | | 4,323.22 | 216.16 | 0.00 | 4,323.22 | 216.16 |
| 11 | CHANGE ORDER #3 | | 300.00 | 100% | | | 300.00 | 15.00 | 0.00 | 300.00 | 15.00 |
| 12 | CHANGE ORDER #4 | | 19,667.14 | 100% | | | 19,667.14 | 983.36 | 0.00 | 19,667.14 | 983.36 |
| 13 | CHANGE ORDER #5 | | 2,451.00 | 100% | | | 2,451.00 | 122.55 | 0.00 | 2,451.00 | 122.55 |
| 14 | CHANGE ORDER #6 | | 4,123.01 | 100% | | | 4,123.01 | 206.15 | 0.00 | 4,123.01 | 206.15 |
| 15 | CHANGE ORDER #7 | | 39,144.88 | 100% | | | 39,144.88 | 1,957.24 | 0.00 | 39,144.88 | 1,957.24 |
| 16 | CHANGE ORDER #8 | | 27,040.53 | 100% | | | 27,040.53 | 1,352.03 | 0.00 | 27,040.53 | 1,352.03 |
| | | | | | | | | | | | |
| | TOTAL | | $190,482.14 | 100% | $0.00 | $0.00 | $190,482.14 | 9,524.11 | $0.00 | $190,482.14 | $9,524.11 |

| | |
|---|---|
| 180,958.03 | Total This application, excluding retainage |

Notes:
1. Contractor to submit Schedule of Values to the Field Construction Manager for review and approval (CM initials & date on this page).
2. Schedule of Values to have attached all the necessary backup and a partial or full final lien waiver.
3. The Construction Manager will return your approved or rejected Schedule of Values within 5 working days.
4. Contractor to submit the following to Account Payable: 1) Invoice, 2) Approved Schedule of Values, 3) invoice backup and 4) lien waiver.

6. Emailed invoices should only be one invoice per email and have only one document attached to email.
7. Contractor on Final Retainage Invoice, in cloumn E, I, J K and L remove the formulas and enter the following: E=100%, I= $0, J=$0, K= Final Amount $, L=$0
8. SOV with Sales Tax Included in Total, Is Not for use on PO's with tax paid to Contractors, use the SOV that includes amount prior to tax and tax along with total.

Last Updated: September 28, 2010

CM Initials: _____

CM Date: _____

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of VIKING INDUSTRIAL, INC., | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| BACIK GROUP SYSTEMS, LLC, a foreign corporation, and MERCHANTS NATIONAL BONDING, INC., a foreign corporation, | ) ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Bacik Group Systems, LLC
c/o Matthew D. Bacik, Registered Agent
602 Oak Moutain Commons Lane
Pelham, AL  35124

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Timothy M. Gibbons
Chambliss, Bahner & Stophel, P.C.
1700 Liberty Tower
605 Chestnut Street
Chattanooga, TN  37450

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of VIKING INDUSTRIAL, INC., | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | Civil Action No. |
| v. | ) | |
| BACIK GROUP SYSTEMS, LLC, a foreign corporation, and MERCHANTS NATIONAL BONDING, INC., a foreign corporation, | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Merchants National Bonding, Inc.
c/o Larry Taylor, Registered Agent
6700 Westown Parkway
West Des Moines, IA  50306


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Timothy M. Gibbons
Chambliss, Bahner & Stophel, P.C.
1700 Liberty Tower
605 Chestnut Street
Chattanooga, TN  37450


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

THE UNITED STATES OF AMERICA for the use and benefit of VIKING INDUSTRIAL, INC.,

**(b)** County of Residence of First Listed Plaintiff   Hamilton County, TN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy M. Gibbons; Justin L. Furrow; W. Matthew Wayne
Chambliss, Bahner & Stophel, P.C.; 1700 Liberty Tower; 605 Chestnut Street; Chattanooga, TN 37450; (423) 756-3000

## DEFENDANTS

BACIK GROUP SYSTEMS, LLC, a foreign corporation, and MERCHANTS NATIONAL BONDING, INC., a foreign corporation,

County of Residence of First Listed Defendant   Pelham, AL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☐ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine   ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability   Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Miller Act (40 U.S.C. §§ 3131, et seq.)

Brief description of cause:
Payment bond claim arising out of construction dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
190,482.14

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
07/31/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 4:19-cv-00052   Document 1-7   Filed 07/31/19   Page 1 of 2   PageID #: 23

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.